IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BLUE FORCE GEAR, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ATS TACTICAL GEAR, LLC )<br>)<br>Defendant )<br>_____ ) | CIVIL ACTION NO.  1:14-CV-93(WLS) |

## ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff Blue Force Gear, Inc. ("Plaintiff" or "Blue Force") is a Georgia corporation with its principal place of business located in Pooler, Georgia. Plaintiff's business consists primarily of the design, manufacture, and sale of products that are used as accessories to firearms.

2. Defendant ATS Tactical Gear, LLC ("Defendant") is a limited liability company organized under the laws of Kentucky with its principal place of business at 709 South Main Street, Hopkinsville, Kentucky 42240.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a) in that it arises under the United States Patent Laws.  This Court has supplemental jurisdiction over Plaintiff's asserted state law claims, pursuant to 28 U.S.C. § 1367(a), because they arise out of the same facts as those that form the basis for Plaintiff's federal claims.

4. Defendant is subject to this Court's specific and general personal jurisdiction because Defendant conducts business in this Judicial District, has committed the acts complained of in this Judicial District, and has caused injury to Plaintiff within this Judicial District by virtue of the acts of patent infringement that are described herein.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b). Defendant is transacting, doing and/or soliciting business, and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '601 Patent)

6. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-5 above.

7. On May 27, 2014, U.S. Patent No. 8,733,601 B2 (the '601 Patent), entitled "Systems, Methods, and Apparatus for Supporting a Firearm from a Person" was issued for the invention of a novel sling for supporting a firearm from a person. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

8. Defendant has infringed and is still infringing the '601 Patent in violation of 35 U.S.C. § 271 by making, selling, offering to sell, or using slings for supporting a firearm from a person that embody the patented invention, and Defendant will continue to do so unless enjoined by this Court. Defendant's infringing activities include, but are not limited to, selling and offering for sale Raine, Inc.'s General Purpose Quick Adjust Sling - 499 Tan (model or part number 022QAGENT).

9.      Upon information and belief,[1] through direct sales to the Defense Logistics Agency, Defendant has been selling and offering to sell infringing slings within the United States, and within this District, all without consent from Plaintiff.

10.     Upon information and belief, infringing slings offered and sold by Defendant to the Defense Logistics Agency are provided to and used by U.S. Marines.

11.     The Defense Logistics Agency has a distribution center in Albany, Georgia that supplies the Marine Corps Logistics Command on Marine Corps Logistics Base Albany, which provides equipment to U.S. Marines.

12.     Upon information and belief, the infringing slings offered and sold by Defendant to the Defense Logistics Agency are provided to U.S. Marines through the Marine Corps Logistics Command on Marine Corps Logistics Base Albany.

13.     Upon information and belief, Defendant is aware that infringing slings offered and sold by Defendant to the Defense Logistics Agency are provided to U.S. Marines through the Marine Corps Logistics Command on Marine Corps Logistics Base Albany.

14.     Upon information and belief, Defendant has been offering and selling infringing slings to the Defense Logistics Agency, knowing that those slings are distributed through the Marine Corps Logistics Command on Marine Corps Logistics Base Albany.

## SECOND CLAIM FOR RELIEF

**(Tortious Interference With Business Relations under Georgia Law)**

15.     Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-14 above.

---

[1] Blue Force uses the phrase "upon information and belief" in this Complaint as a convention to specifically identify those factual contentions that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.  See Fed. R. Civ. P. 11(b)(3).

16. Upon information and belief, Defendant's actions of offering and selling the infringing slings were improper and done without privilege.

17. Upon information and belief, Defendant acted purposefully and with malice and with the intent to injure Plaintiff when offering and selling the infringing slings.

18. Upon information and belief, Defendant's actions have induced a third party or parties, including but not limited to the Defense Logistics Agency, not to enter into or continue a business relationship with Plaintiff.

19. Upon information and belief, absent Defendant's actions as described herein, business relations between Plaintiff and the entities to whom Defendant is offering and selling the infringing slings, including but not limited to the Defense Logistics Agency, were reasonably likely to develop in fact.

20. Upon information and belief, Defendant's actions in tortuously interfering with Plaintiff's business relations have caused financial harm to Plaintiff.

## THIRD CLAIM FOR RELIEF

### (Violation of Georgia Uniform Deceptive Trade Practices Act)

21. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-20 above.

22. Defendant and Plaintiff are competitors in the market for firearm slings, including but not limited to being competitors for contracts with the Defense Logistics Agency to provide slings to the United States military.

23. Upon information and belief, Defendant's actions as described above, including selling and offering to sell infringing slings, constitute deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), Ga. Code §§ 10-1-370 through 10-1-375.

24. Upon information and belief, Defendant's actions as described above, including selling and offering to sell infringing slings, represent that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have in violation of Ga. Code § 10-1-372(a), including without limitation a representation under Ga. Code § 11-2-312(3) to the Defense Logistics Agency that the infringing slings are free of rightful infringement claims, which is false.

25. Upon information and belief, the false representation of noninfringement by Defendant caused a third party or parties, including but not limited to the Defense Logistics Agency, not to enter or continue a business relationship with Plaintiff.

26. Upon information and belief, Defendant's actions in violation of the GUDTPA have caused financial harm to Plaintiff, and Plaintiff is likely to be further damaged in the future by Defendant's deceptive trade practices.

## REQUEST FOR RELIEF

Therefore, Plaintiff requests for judgment:

1. That Defendant has infringed the '601 Patent;

2. That Plaintiff be awarded damages for patent infringement according to proof and ordering that such damages be multiplied up to treble their amount;

3. That Plaintiff be awarded compensatory and punitive damages for Defendant's tortious interference with Plaintiff's business relations and violation of the Georgia Uniform Deceptive Trade Practices Act;

4. Preliminarily and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, or offering to sell the infringing slings or any other product that infringes the '601 Patent without permission or license from Plaintiff;

5. That Defendant be ordered to deliver up to Plaintiff all products infringing the '601 Patent within its ownership, possession, or control for destruction by Plaintiff or, in the alternative, that the Court award a compulsory royalty for the current and future sale of such goods;

6. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. §285, and award reasonable attorneys' fees;

7. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any money judgment;

8. For such other relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated: June 16, 2014

                        Respectfully submitted,

                        */s/ Anthony E. Giardino* _____
                        Michael S. French
                        Georgia Bar No. 276680
                        Anthony E. Giardino
                        Georgia Bar No. 953202
                        Wargo & French LLP
                        999 Peachtree Street NE, 26th Floor
                        Atlanta, Georgia 30309
                        mfrench@wargofrench.com
                        agiardino@wargofrench.com
                        Telephone: (404) 853-1559
                        Fax: (404) 991-6360

William Nash, Lead Counsel, *Pending Admission Pro Hac Vice*
Texas State Bar No. 14812200
Jason Whitney *Pending Admission Pro Hac Vice*
Texas State Bar No. 24066288
Haynes and Boone, LLP
112 E. Pecan St., Suite 1200
San Antonio, Texas 78205-1540
bill.nash@haynesboone.com
jason.whitney@haynesboone.com
Telephone: (210) 978-7000
Fax: (210) 978-7450

Adam Sencenbaugh *Pending Admission Pro Hac Vice*
Texas State Bar No.  24060584
Haynes and Boone, LLP
600 Congress Ave., Suite 1300
Austin, Texas 78701
adam.sencenbaugh@haynesboone.com
Telephone:  (512) 867-8489
Fax:  (512) 867-8606

***Attorneys for Blue Force Gear, Inc.***